**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SAMIN HABIB-HUSSAIN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1340-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Samin Habib-Hussain's Petition for a Writ of Habeas Corpus, ECF No. 1. For the following reasons, the Petition is **GRANTED IN PART**.

**I.     BACKGROUND**

**A.     Arrival in the United States & Immigration Proceedings**

Habib-Hussain, a citizen of Pakistan, entered the United States on April 27, 2025. *Id.* ¶¶ 70, 72; Resp. 3, ECF No. 4. Shortly after his entry, immigration authorities detained him, and he was "remanded to the custody of Luna County Detention Center." Resp. 4. U.S. Customs and Immigration Services ("USCIS") processed Habib-Hussain for expedited removal, and after a credible fear interview, made a negative fear finding. *Id.* Subsequently, an immigration judge ("IJ") vacated USCIS' negative fear finding, and Habib-Hussain was placed "in full removal proceedings in immigration court." *Id.* The Department of Homeland Security ("DHS") issued a Notice to Appear on March 13, 2026. Resp. Ex. A ("NTA"), at 1, ECF No. 4-1. Habib-Hussain has "never been released from custody into the United States interior, nor has been paroled or admitted." Resp. 4. And he has not "effectuated an unlawful entry [or] resided at liberty in the

United States at any point." *Id.* An IJ has yet to rule on the merits of Habib-Hussain's asylum claim. *Id.* Habib-Hussain has now been detained for over thirteen months. *Id.* at 3–4.

Habib-Hussain is detained at the ERO El Paso Camp East Montana detention center. Pet. ¶ 15. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 105–115.

### B.    Procedural History

On May 11, 2026, Habib-Hussain filed his Petition. *Id.* Habib-Hussain seeks a writ of habeas corpus for his immediate release from custody, arguing that his continued detention violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 105–15. On May 13, 2026, the Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted. May 13, 2026, Order, ECF No. 3.

In answer to the Court's Show Cause Order, Respondents argue that Habib-Hussain, as an "arriving alien," has no statutory right to a bond hearing. Resp. 1–12. And that Habib-Hussain's detention does not violate due process because his "claim that detention during removal proceedings will be unconstitutionally prolonged is speculative." *Id.* at 22. The Court then ordered Habib-Hussain to file a reply addressing the arguments in the Response. May 21, 2026, Order, ECF No. 6.

Habib-Hussain filed a Reply, ECF No. 7, arguing that he does not challenge his detention on statutory grounds, but instead challenges "the prolonged pre-[final removal] order detention without a meaningful hearing as unconstitutional." *Id.* at 3–4. Habib-Hussain further argues that Respondents fail to "prove why [his] continued detention serves a legitimate purpose outweighing [his] liberty interest in not being confined." *Id.* at 7.

## II.     ANALYSIS

Habib-Hussain argues that the length of his detention—now over thirteen months—has become so prolonged that it amounts to a due process violation to continue to detain him without an individualized custody determination.[1]

Individuals detained at the border and never released may bring a claim of prolonged detention in the pre-removal order context. *See, e.g., Arshakyam v. Warden*, No. 25-cv-1780, 2026 WL 143143 (E.D. Cal. Jan. 20, 2026); *Mbalivoto v. Holt*, 527 F. Supp. 3d 838 (E.D. Va. 2020); *N.M.Z. v. Wolf*, No. 20-cv-24, 2020 WL 2813557 (S.D. Tex. May 28, 2020); *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853 (D. Minn. 2019); *Lett v. Decker*, 346 F. Supp. 3d 379 (S.D.N.Y. 2018), vacated on appeal as moot, 2020 WL 13558956 (2d Cir. July 30, 2020); *Maldonado v. Macias*, 150 F. Supp. 3d 788 (W.D. Tex. 2015). The permissible extent of such prolonged mandatory immigration detention under the Due Process Clause is a complicated issue, on which courts have employed differing analyses and reached disparate outcomes. *See, e.g., Alves v. U.S. Dep't of Justice*, No. 3:25-cv-306-KC, 2025 WL 2629763, at *2–4 (W.D. Tex. Sept. 12, 2025).

Many courts have understood this fact intensive inquiry in terms of three "primary factors": (1) the length of time the person has been detained, (2) which party is responsible for delays, and (3) whether the person has asserted defenses to removal. *Perez v. Decker*, No. 18-cv-5279, 2018 WL 3991497, at *4 (S.D.N.Y. Aug. 20. 2018) (citation omitted). The Court finds this framework persuasive and applies it here.

### A.     Length of Detention

Turning first to the length of detention, Habib-Hussain has been detained since his arrival to the United States on April 27, 2025. Pet. ¶¶ 70, 72; Resp. 3. As of the date of this Order, he

---

[1] The statute does not give noncitizens detained at the border upon initial entry any right to a bond hearing. 8 U.S.C. § 1225(a)(1), (b). Habib-Hussain concedes as much. *See* Reply 3–4.

has been detained for about thirteen months and twenty days.  And his asylum claim is still pending before an IJ—the first stage of immigration proceedings.[2]  He has a hearing scheduled for June 23, 2026, but there is no indication this proceeding is a final merits hearing; rather, it appears to be a routine status conference.  *See* Resp. 3–4.

Habib-Hussain has been detained for longer than other petitioners whose detention was held to be unreasonably prolonged, when their case remained pending at the IJ stage.  In *Perez*, the court found detention of nine months was unreasonable, where it appeared likely to reach one year before an IJ considered the merits of the petitioner's asylum claim.  2018 WL 3991497, at *5.  And in *Lett*, the court found that detention for ten months before an IJ determined the petitioner's claim was unreasonably prolonged.  346 F. Supp. 3d at 387–88.  In at least one case, a court has found that detention for twelve months was prolonged, even where proceedings had advanced to the BIA stage.  *See Da Silva v. Nielsen*, No. 18-mc-932, 2019 WL 13218461 (S.D. Tex, Mar. 29, 2019) (collecting cases).  Here, again, Habib-Hussain has yet to receive a decision from an IJ, and he has been in custody for longer than the successful habeas petitioners in *Perez*, *Lett*, and *Da Silva*.  Therefore, this factor weighs in favor a finding that Habib-Hussain's detention has become unreasonably prolonged.

### B.    Comparative Responsibility

Turning to the second factor—which party is responsible for the delays—neither party provides information as to this point.  *See generally* Pet.; Resp.; Reply.  Habib-Hussain was taken into custody in early April 2025, but he was not served with a Notice to Appear, and thus

---

[2] Once the IJ issues a decision, either party can appeal to the Board of Immigration Appeals ("BIA"), which can take months to reach a decision.  8 C.F.R. § 1003.1(b).  Even then, further review of any BIA decision would remain available through a petition to the regional circuit court.  8 U.S.C. § 1252.  All told, "some individuals must wait years to have their cases adjudicated."  U.S. Immigration Courts and the Pending Cases Backlog, Congressional Research Service, https://www.congress.gov/crs_external_products/R/PDF/R47077/R47077.2.pdf (Apr. 25, 2022).

placed in full removal proceedings, until March 16, 2026.  Pet. ¶ 77.  It was at this time that an IJ

overturned USCIS' negative credible fear finding.  *Id.* ¶¶ 75–76.  It is unclear whether Habib-

Hussain, the immigration court, the Government, or some combination thereof are responsible

for the delay.  Therefore, this factor weighs neutrally.

### C.    Defenses to Removal

The Court now turns to the third factor, whether the person has asserted defenses to

removal.  If Habib-Hussain's asylum application is granted, it would be a complete defense to

removal.  *See Perez,* 2018 WL 3991497, at *5.  The Court does not need to delve into the

intricacies of asylum law and determine Habib-Hussain's likelihood of success.  Instead, the

mere existence of an unadjudicated application weighs in favor of the petitioner.  *See Lett*, 346 F.

Supp. 3d at 388 (citations omitted).  In any event, the fact that an IJ reversed USCIS' initial

negative finding as to credible fear shows that Habib-Hussain's asylum claim has at least some

potential to be meritorious.  Thus, this factor weighs in his favor.

In sum, two factors weigh in favor of a finding of prolonged detention and one is neutral.

Balancing the factors and the totality of the circumstances in this fact intensive inquiry, the Court

finds that Habib-Hussain's detention without an individualized custody determination has

become unconstitutionally prolonged.  The Petition is granted in part on that basis.  As to the

appropriate form of relief, the Court joins the many district courts that have determined that

mandating an individualized custody determination is the appropriate remedy for prolonged

detention in the pre-final removal order context.[3]  *See, e.g.*, *Da Silva*, 2019 WL 13218461, at

*12; *Lett*, 346 F. Supp. at 388–89.

---

[3] Respondents make a number of legal arguments about the viability of due process claims for noncitizens subject to mandatory detention, all of which the Court has either already rejected in recent, similar cases or need not reach.  *See, e.g., Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).

### III.     CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART**.  The Court **ORDERS** that, **on or before June 22, 2026**, Respondents shall either: (1) provide Habib-Hussain with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Habib-Hussain's continued detention; or (2) release Habib-Hussain from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before June 22, 2026**, Respondents shall **FILE** notice informing the Court whether Habib-Hussain has been released from custody.  If Habib-Hussain has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Habib-Hussain is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the June 22, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

6

SO ORDERED.

SIGNED this 15th day of June, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE